THE SISILINA.

(District Court, S. D. New York. February 16, 1914.)

ADMIRALTY (§ 75*)—RULES OF PROCEDURE—EXAMINATION OF WITNESSES BEFORE TRIAL.

Admiralty rule 38 of the District Court for the Southern District of New York, which provides that "after joinder of issue, and before trial, any party, by leave of the court, granted on motion, may examine the opposite party, his agents or representatives," etc., must be construed as applying to parties only, by analogy to the principles of discovery in chancery, and does not authorize the examination, before trial, by the libelant in a suit for collision, of the officers and crew of respondent's vessel at the time of the collision.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 559, 586, 587; Dec. Dig. § 75.*]

In Admiralty. Suit for collision by one Harris against the steam yacht Sisilina; Strauss, claimant. On motion by libelant for examination of witnesses before trial. Denied.

The suit was brought to recover damages for the death of libelant's intestate by drowning, resulting from a collision in the St. Lawrence river between the motor launch Frost King and the respondent's steam yacht Sisilina. After joinder of issue, libelant applied under rule 38 of the Admiralty Rules of the District Court for the Southern District of New York for an examination before trial of the master and lookout of the steam yacht. The affidavit on behalf of the respondent set up in substance that the master and lookout were no longer in the employ of the respondent, that the whereabouts of the lookout were unknown, and that the master resided at Alexandria Bay, N. Y., out of the district and more than 100 miles from the place of trial.

Hays, Hershfield & Wolf, of New York City, for libelant.

Max J. Kohler, of New York City (Mark Ash, of New York City, of counsel), for respondent.

WARD, Circuit Judge. The libelant in a cause of collision applies for an order under District Court rule 38 in admiralty, giving her leave to examine the master and lookout of the respondent's vessel. The rule reads:

"After joinder of issue, and before trial, any party, by leave of the court, granted on motion, may examine the opposite party, his agents or representatives, or deliver interrogatories in writing, for the examination of such party, his agents or representatives, with regard to any fact material to the issues. In case the order shall provide for an examination by interrogatories, the answer to the interrogatories shall be under oath and filed within ten days after the delivery thereof, or within such further time as may be allowed by the court."

The witnesses in question are not now in the employment of the respondent, and, if they were, are, in my opinion, not within the rule. It was, no doubt, adopted in analogy to the principles of discovery in chancery, and must be understood to apply to parties only.

The purpose cannot have been to authorize one party to examine the officers and crew of the other party's vessel, and so discover his entire case, without being bound by the testimony. There is no hardship whatever upon the libelant, because under section 863, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 661), she can examine the master, who lives more than 100 miles from the place of trial, and probably can examine the lookout under the same section, when his whereabouts are discovered.

The motion is denied.